Michael Bowen, Respondent, *v.* Michael Sweeney et al.,
Impleaded, etc., Appellants.

In an action for partition it was ordered that the issues of fact be tried at
Circuit, and certain questions were framed to be answered by the jury.
Trial was so had, the questions were answered by the jury, and upon
written consent of all parties it was directed that the further hearing of
the action should be before the court at Special Term. Upon such
hearing, the court made findings and conclusions of law incorporating
in the former the findings of the jury, and an interlocutory judgment
was entered thereon. *Held,* that a motion for a new trial at General
Term was properly dismissed; that the issues in the action were triable
by a jury as matter of right (Code Civ. Pro. § 1544); that the facts found
by the jury were binding upon the Special Term; and so, the trial was
not by the court without a jury, within the meaning of the Code of
Civil Procedure (§ 1001) authorizing a motion for a new trial after entry
of an interlocutory judgment, where the decision "upon trial of an
issue of fact by the court" directs such a judgment.

(Argued October 8, 1894; decided October 16, 1894.)

Appeal from order of the General Term of the Supreme
Court in the first judicial department, made June 14, 1894,
which dismissed a motion by defendants for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*William H. Arnoux* and *Francis C. Devlin* for appel-
lants. An order of the General Term dismissing a motion for
want of jurisdiction involves a substantial right, and is, there-
fore, appealable to the Court of Appeals. (*Tilton* v. *Beecher*,
59 N. Y. 176; *Hewlett* v. *Wood*, 67 id. 394; *Jemison* v. *C.
S. Bank*, 85 id. 546; *Reed* v. *Mayor, etc.*, 97 id. 620; *Ander-
son* v. *Anderson*, 112 id. 104; *Borye* v. *B. Iron Co.*, 133 id.
477.) The motion for a new trial was properly made in this
action at the General Term, and its refusal to hear the same
under section 1001 of the Code was error. (*Vermilyea* v.
*Palmer*, 52 N. Y. 471; *Learned* v. *Tillotson*, 97 id. 3;
*Hammond* v. *Morgan*, 101 id. 86; *Acker* v. *Leland*, 109 id. 5;

Code Civ. Pro. §§ 963, 967, 999, 1000, 1002, 1201; *Raynor* v. *Raynor*, 94 N. Y. 248; *Tilton* v. *Vail*, 117 id. 520.)

*Flamen B. Candler* for respondent. The General Term committed no error in dismissing the motion for a new trial made there on the ground that it did not have jurisdiction to entertain the same. (Code Civ. Pro. §§ 1001, 1544; *Jones* v. *Jones*, 120 N. Y. 589; *Dorchester* v. *Dorchester*, 121 id. 156; *Knowlton* v. *Atkins*, 134 id. 313–322; *Tilton* v. *Vail*, 117 id. 520; *Garczynski* v. *Russell*, 75 Hun, 512.) Should the court, however, determine that error was committed by the General Term in refusing to entertain the motion for a new trial, then the disposition to be made of the present appeal would be to reverse the order and send the case back to the General Term for consideration. (*Dorchester* v. *Dorchester*, 121 N. Y. 156; *Reed* v. *Mayor*, 97 id. 620; *Hewlett* v. *Wood*, 67 id. 394; *H. F. Ins. Co.* v. *Tomlinson*, 58 id. 215.)

Bartlett, J. This is an appeal from an order of the General Term of the first department dismissing appellants' motion for a new trial. This is an action for partition, and it was ordered that the issues of fact be sent to the Circuit, and certain questions were framed for the jury to answer. Trial was had, and the jury answered the questions propounded. Upon the written consent of all the parties it was directed that the further hearing of the action be proceeded with before the court at Special Term. Thereupon the action came on for further hearing at Special Term; the court made findings of fact and conclusions of law, including in the former the findings of the jury, and an interlocutory judgment was entered thereon. The appellants then moved at General Term, upon the pleadings, verdict, findings and other papers and proceedings, for a new trial. The General Term dismissed the motion upon the ground that the court had no jurisdiction to entertain the same.

The sole question presented in this appeal is whether the appellants were entitled to make the motion under section 1001 of the Code of Civil Procedure.

The material portion of the section reads as follows: " Where the decision or report rendered upon the trial of an issue of fact by the court without a jury, or by a referee, directs an interlocutory judgment to be entered ; and further proceedings must be taken before the court, or a judge thereof, or a referee, before a final judgment can be entered ; a motion for a new trial upon one or more exceptions may be made at the General Term after the entry of the interlocutory judgment, and before the commencement of the hearing directed therein.    *    *    * "

Does this record disclose the trial of an issue of fact by the court without a jury ?   This being an action for partition the issues were triable by a jury as matter of right. (Code, § 1544.)   In an ordinary equitable action, where the issues are not triable by a jury, the court may, upon its own motion, direct one or more questions of fact to be tried at the Circuit, but it can disregard the findings of the jury, and proceed with the cause as if its aid had not been invoked. (*Acker* v. *Leland*, 109 N. Y. 11.)

In the case at bar the court was vested with no such discretion, and the facts found by the jury were binding upon the Special Term.   (*Jones* v. *Jones*, 120 N. Y. 599.)

We are of opinion that the trial in this case was not by the court without a jury, within the meaning of section 1001 of the Code of Civil Procedure, and that the order appealed from is right and should be affirmed.

The order should be affirmed, with costs.

All concur.

Order affirmed.