MICHAEL BOWEN, Respondent, *v.* MICHAEL SWEENEY and CATHERINE GALLAGHER, Appellants, Impleaded with Others.

89 359
24ap320
154a 780
89h 359
39 Mis⁴364

*Probate of a will entered pursuant to the verdict of a jury upon issues tried— not a bar to an action attacking the validity of a will as to real estate devised thereby.*

One Mary T. Hatten died seized of a piece of real property situated in the city of New York. She left a last will and testament which was admitted to probate by the Surrogate's Court of New York county. Subsequently the decree of the Surrogate's Court was reversed by the General Term of the Supreme Court, which ordered certain issues to be tried before a jury in the Court of Common Pleas. Upon the trial of the issues in the Court of Common Pleas, the validity of the will was sustained, and the proceedings upon the trial having been returned to the Surrogate's Court, a decree was entered confirming the probate of the will. No appeal was taken from the final decree of the surrogate admitting the will to probate.

Subsequently the present action was begun to partition said real estate upon the theory that the plaintiff was an heir at law of the said Mary Hatten, and that the apparent devise of the property by the will was void.

By their answers the devisees in the will denied that the devise was void, and set up as a bar to the action the final decree of the Surrogate's Court admitting the will to probate. This action was tried at a Circuit Court before a jury which found that the testatrix, at the time she executed the alleged will, was not of sound mind, and that said instrument was not her last will and testament.

*Held,* that although the will was admitted to probate after the trial of issues before a jury which found in favor of the validity of the will, upon which an

adjudication was entered by the Surrogate's Court decreeing the probate to be valid, nevertheless that an heir might, notwithstanding such decree, retry the question of its validity as to the realty, and might obtain a verdict and a judgment that the will was invalid ; and that a decree entered in this case upon the verdict of the jury in the Court of Common Pleas was not a bar to the present action for partition.

APPEAL by the defendants, Michael Sweeney and another, from a final judgment of partition of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of March, 1895, upon the report of a referee, with notice of an intention to bring up for review on such appeal an interlocutory judgment of partition and sale entered in said clerk's office on the 13th day of July, 1893, upon the verdict of a jury, and also an order made at the New York Special Term and entered in said clerk's office on the 6th day of November, 1893, denying the defendants' motion to set aside the verdict.

August 27, 1885, Mary T. Hatten died seized in fee simple of a piece of land situate at the northwest corner of First avenue and Thirteenth street, in the city of New York, which is forty-three feet and three inches wide on the avenue and eighty feet long on the street. She left a last will executed April 17, 1880, by which she devised and bequeathed all of her estate to Michael Sweeney and Catherine Gallagher, to be divided equally between them. The will was admitted to probate October 18, 1886, by the Surrogate's Court of the city and county of New York. (3 N. Y. St. Repr. 213.) August 20, 1887, the decree of the Surrogate's Court was reversed by the General Term of the Supreme Court (10 N. Y. St. Repr. 19), which ordered that the following issues be tried before a jury in the Court of Common Pleas :

*First.* Whether the decedent ever saw the paper propounded for probate as her last will and testament until it was presented to her for execution.

*Second.* Whether the paper propounded for probate as the last will and testament of Mary Teresa Hatten was read by her or any one aloud in her hearing previous to the signing thereof.

*Third.* Whether the decedent, at the time of signing the paper propounded for probate as her last will and testament, had full knowledge of the contents of the said paper.

Upon the trial of these issues all of them were answered in the affirmative by the jury. On the 16th of November, 1888, the proceedings upon the trial were returned to the Surrogate's Court, and on that date a decree was entered confirming the probate of the will. The litigants in this action were parties to the proceedings in the Surrogate's Court and appeared on the trial in the Court of Common Pleas. No appeal was taken from the final decree of November 16, 1888, of the Surrogate's Court.

October 10, 1888, this action was begun to partition said real estate, pursuant to section 1537 of the Code of Civil Procedure, upon the theory that the plaintiff was an heir at law of Mary T. Hatten, and that her apparent devise of the property to Michael Sweeney and Catherine Gallagher, was void.

The contesting defendants, Michael Sweeney, Catherine Gallagher and Francis Gallagher, her husband, denied in their answers that the devise was void, and set up as a bar to this action the final decree of the Surrogate's Court admitting the will to probate. The other defendants who answered admitted the allegations in the complaint.

In November, 1889, the action was tried at Circuit before a jury and the following questions submitted :

(1) Did Mary T. Hatten know that the paper she executed was a last will and testament ?

(2) Was Mary T. Hatten procured to execute the paper, purporting to be a will, by the conspiracy of Michael Sweeney, Catherine Gallagher and others ?

(3) Had Mary T. Hatten capacity to make a will ?

The first two questions were answered in the affirmative and the third question in the negative by the jury. Thereafter the trial was concluded at Special Term, the verdict confirmed, and a judgment of sale ordered, in accordance with which a judgment was entered September 22, 1890. Upon an appeal to the General Term this judgment was reversed, and a new trial granted, on the grounds that the Circuit Court erroneously allowed the complaint to be amended and excluded competent evidence. (63 Hun, 224.)

In March, 1892, the plaintiff, pursuant to leave granted, served a second amended complaint, and the issues joined thereon were tried at Circuit in June, 1893, and the following questions submitted to the jury :

1. At or immediately after the time when Mary Teresa Hatten signed the said paper writing, dated the 17th day of April, 1880, purporting to be her last will and testament, and mentioned in the complaint herein, did she publish and declare the same to be her last will and testament?

2. Was the said paper writing obtained from said Mary Teresa Hatten by undue influence exercised upon her by the defendants, Michael Sweeney, Catherine Gallagher and Francis Gallagher, some or one of them?

3. Was the said paper writing obtained from said Mary Teresa Hatten by a conspiracy entered into by the defendants Michael Sweeney and Catherine Gallagher and some other person or persons for the purpose of fraudulently procuring a will in favor of said Michael Sweeney and Catherine Gallagher, in pursuance of which conspiracy they procured the said paper writing to be signed by the said Mary Teresa Hatten?

4. Was the said testatrix, Mary Teresa Hatten, at the time she executed said paper writing, of sound mind?

5. Is or is not the said paper writing executed by the said Mary Teresa Hatten the last will of the said testatrix?

The first question was answered in the affirmative by the direction of the court, the second and third, in the affirmative, by the jury, and the fourth and fifth, in the negative, by the jury. Upon the rendition of the verdict a motion was made in behalf of Michael Sweeney and Catherine Gallagher to set it aside, which was denied, and an order entered. Thereafter the trial was continued at Special Term by which the verdict was confirmed and a decision rendered directing an interlocutory judgment, which was entered July 13, 1893, adjudging that the property be sold. By the interlocutory judgment it is adjudged that the plaintiff is entitled to one-fourth of the premises, Thomas Bowen, defendant, Michael Bowen, Fanny McQueeny, one-twelfth each, Patrick Ford, Francis Ford, Michael Ford, Thomas Ford, one-sixteenth each, Mary Ann Cane and Catherine Ward, one-eighth each.

In June, 1894, a motion for a new trial was made on the judgment roll and a case at General Term in behalf of Sweeney and Gallagher. The motion was dismissed for want of jurisdiction (79 Hun, 614), and an order entered which was affirmed by the

Court of Appeals. (143 N. Y. 349.) February 7, 1895, the property was sold, pursuant to the interlocutory judgment, for $51,000, and on filing the report of sale a final judgment was entered March 4, 1895.

*Wm. H. Arnoux*, for the appellants.

*Flamen B. Candler* and *Robert W. Candler*, for the plaintiff, respondent.

*S. B. Chittenden*, for Thomas Bowen and others, defendants, respondents.

*William J. Kelly*, for Mary Ann Cane and others, defendants, respondents.

FOLLETT, J.:

As all of the litigants assume that Mary T. Hatten died seized in fee simple of the whole of the premises, we shall rest our judgment on that assumption without considering its validity.

All of the litigants in this action were parties to the proceedings in the Surrogate's Court to probate the will, to the appeal to the General Term, and to the trial before the Common Pleas. The first question presented is, whether the decree of the Surrogate's Court, affirming the original probate, entered on the verdict rendered in the Court of Common Pleas, is a bar to this action. At common law the probate of a will in an ecclesiastical court was not conclusive against the heir, and a judgment in an action at law at the suit of the heir, that the testator was incapable of making a will, was not conclusive against the executor as to the personalty, who, notwithstanding the judgment at law respecting the realty, might, if he could, establish the will as to the personalty in an ecclesiastical court. (*Montgomery* v. *Clark*, 2 Atk. 378; *Hume* v. *Burton*, 1 Ridg. P. C. 277; *Bogardus* v. *Clarke*, 1 Edw. Ch. 266; S. C., *sub. nom. Bogardus* v. *Clark*, 4 Paige, 623.) Lord HARDWICKE said in *Montgomery's* case: "I have often thought it a very great absurdity that a will which consists both of real and personal estate, notwithstanding it has been set aside at law for the insanity of the testator, shall still be litigated upon paper depositions only in the Ecclesiastical Court, because they have a

jurisdiction on account of the personal estate disposed of by it."
By chapter 77, 20 and 21 Victoria (1857), the rule of the common
law has been changed in England, and a decree of a Probate Court
admitting a will to probate, which relates to realty and personalty,
is binding on the heir in case he had notice. (§ 62, chap. 77, 97
Pick. Stat. at Large, 420–437.) The rule of the common law arose
from its tenderness to heirs and from the idea that none should be
deprived of land except by a judgment of a court of law after trial
of the issues of fact before a jury. Under the first Constitution of
this State wills relating to realty might be proved in the Court of
Common Pleas (1 R. L. [1801] 179), and after 1813, in the Supreme
Court or in the 'Court of Common Pleas (1 R. L. [1813] 364), and
surrogates had the power to admit to probate wills relating to per-
sonalty and to real estate so far as it was necessary to authorize
the issuing of letters testamentary. (1 R. L. [1801] 317; Id.
[1813] 444.) Persons aggrieved by any decree of a surrogate were
authorized to appeal to the Court of Probates. (1 R. L. [1801] 325;
Id. [1813] 454.) Under the second Constitution the Court of Pro-
bates was abolished and persons aggrieved by the decree of a surro-
gate were authorized to appeal to the chancellor. (Chap. 70, Laws
of 1823.) But the Court of Chancery could not, by its decree, bind
the heir in respect to the validity of a will unless the question of
fact had been determined in a court of law on the issue *devisavit
vel non*, an issue directed by a court of equity to be tried by a
jury in a court of law to determine the validity of a will. (*Rogers*
v. *Rogers*, 3 Wend. 505.) *Vanderheyden* v. *Reid* (1 Hopk. 408)
was an appeal from a surrogate's decree admitting a will to probate
which related to real and personal property, and turned upon the
question of the sanity of the testator. The question arose as to
whether this issue could be sent by the Court of Chancery to a court
of law to be determined by a jury In discussing this question the
learned chancellor said : " Thus, a will of personal and real estate
may be there adjudged both valid and void by different tribunals.
This result of an artificial division of jurisdictions can never be
proper where it may be avoided. That a will should be adjudged
valid because the testator who made it was of sound mind, and that
the same will should be adjudged void because the same testator
was insane, is a result which should never take place under one

system of laws. But still more singular would be the anomaly if the same court were, in the case of a contested will of real and personal estate, bound to send the disputed question to a jury in respect to the land, and also bound to decide the same disputed question without a jury in reference to another species of property.

" Such an incongruity is avoided by taking one course of investigation, whether the will is of real or of personal estate, or of both comprised in one instrument. This court now having jurisdiction of wills of personal goods and also of wills of land, it may most fitly apply the same method of investigating facts to both cases."

This language seems to indicate that the chancellor was of the opinion that a decree entered upon the verdict would be conclusive upon the heir. This judgment was, however, reversed (5 Cow. 719), but not upon the point discussed in the foregoing quotation.

In *Brick's Estate* (15 Abb. Pr. 12, and in 1 E. D. Smith, xvii) will be found a learned and instructive history of the Probate Courts of this State, prior to the Revised Statutes, by CHARLES P. DALY, the accomplished chief judge of the Court of Common Pleas.

Under the Revised Statutes wills of real and personal property, or both, were provable before the surrogate of the proper county. (2 R. S. 57, § 7; Id. 60, § 23.) Any person deeming himself aggrieved by the decree of a surrogate was authorized to appeal to the Circuit judge of the Circuit (2 R. S. 66, § 55), who, in case of a reversal upon a question of fact, was required to formulate issues of fact and order them tried before a jury (§ 57), which were to be tried in the same manner as issues awarded by the Court of Chancery, and new trials could be granted by the Supreme Court. (§ 58.) By section 59 (2 R. S. 67) it was provided : " The final determination of such issue shall be conclusive as to the facts therein controverted, *in respect to wills of personal estate only*, upon the parties to the proceedings." In case the decree of the surrogate was affirmed or was reversed on questions of law by the Circuit judge, an appeal could be taken to the Court of Chancery. (2 R. S. 609, §§ 97, 100.) Under these statutes it is clear that a judgment, entered on a verdict establishing a will, after a trial of issues of fact before the Circuit, was not conclusive upon the heir, to whom the right remained to contest the validity of the devise in an action of ejectment, and by

chapter 238, Laws of 1853, he was authorized to contest the validity of a devise by an action in partition.

Under the Constitution of 1846 the statute authorizing an appeal to a Circuit judge was changed, and an appeal was authorized to be taken to the Supreme Court, and, in case the decision of the surrogate was reversed upon a question of fact, the questions were directed to be tried before a jury. (§ 17, chap. 280, Laws of 1847.) The statutes remained in this condition until the adoption of the Code of Civil Procedure, by which the Surrogate's Court is made a court of record, and is vested with the power to probate wills relating to realty and personalty. By section 2626 of the Code of Civil Procedure, the decree admitting a will to probate is conclusive as to the personalty, unless it is reversed on appeal or revoked by the surrogate, but the decree is not conclusive upon the heir, but is presumptive evidence only of the validity of the devise. (Code of Civ. Proc. § 2627.) When an appeal is taken to the Supreme Court it may affirm or reverse the decree, and, if modified or reversed upon a question of fact, a trial before a jury of the issues of fact must be awarded. (§§ 2587, 2588.) The provision of the Revised Statutes, that the decision to be entered upon the issue so awarded shall be conclusive as to the personalty only, is not continued by this Code, nor do we find any provision stating the effect of a judgment so rendered.

By section 1537 of the Code of Civil Procedure the provisions of chapter 238, Laws of 1853, were continued in force, and an heir of a devisor is authorized to maintain an action for the partition of land apparently devised to another, upon the ground that the devise is void. In addition to these provisions, any person interested in a will which has been admitted to probate in this State may maintain an action to cause the validity thereof to be determined. (Code Civ. Proc. § 2653a, enacted in 1892; *Long* v. *Rodgers*, 79 Hun, 441.) It is apparent that under our boasted reform procedure a will relating to realty and personalty may be declared void because of the insanity of the testator, or for any other cause, in respect to one species of property and valid in respect to the other kind of property, upon the ground that the testator was sane, and so there may be two final adjudications, both supposed to be verities, one affirming a will to be valid and the other affirming it to be void. And in case a will relating to realty and personalty is admitted to probate

in the Surrogate's Court, and the decision is reversed by the Supreme Court and the issues are tried before a jury, which are found in favor of the validity of the will, upon which an adjudication is entered by the Surrogate's Court decreeing the probate to be valid, the heir may, notwithstanding, retry the question as to the realty, and possibly, as in the case at bar, obtain a verdict and a judgment that the will is invalid. But the remedy for this incongruous and absurd procedure by which judgments diametrically opposed to each other may be recovered in respect to the same will, does not lie with the courts, but with the Legislature. We are compelled to hold that the decree entered upon the verdict of the jury in the Court of Common Pleas is not a bar to this action.

This action was not brought under section 2653a, Code of Civil Procedure, enacted in 1892, but was brought four years prior to its enactment, under section 1537 of the Code, and the provision of section 2653a, that "the party sustaining the will shall be entitled to open and close the evidence and argument," is not applicable to this case, and the court did not err in denying the appellants' motion to be given the right to open and close the case.

It is urged that the court erred in refusing to direct the jury to find the second, third, fourth and fifth issues of fact in favor of the contesting defendants. Upon reading the evidence we are of the opinion that it required the court to submit every one of these issues to the jury, and that no error was committed in refusing to direct a verdict, or in denying a motion for a new trial on the ground that it was contrary to the evidence. The learned trial judge instructed the jury fully and carefully in respect to the law relating to the issues submitted, and it was not error after the delivery of his charge to refuse to reinstruct the jury on these issues in the language of counsel as expressed in nearly fifty requests. The ninth and tenth requests are typical of all. By these requests the court was asked to instruct the jury in respect to the rules of law relating to undue influence, which requests were declined. The court had already carefully instructed the jury upon this issue, and it was not error to refuse to reinstruct the jury on the same subject in the language of counsel. Under sections 970 and 1544 of the Code of Civil Procedure the verdict of the jury was not merely for the information of the court, but was conclusive until set aside or a new trial granted, and the

Special Term, upon its continuation of the trial, had no power to set aside the verdict and find the facts contrary thereto. (*Jones* v. *Jones,* 120 N. Y. 589.) Our attention is called in the appellants' twelfth point to thirteen exceptions to the admission and exclusion of evidence. To discuss each one of them and show why they were not well taken would unnecessarily prolong this opinion, and it is, we think, sufficient to say that none of them calls for the reversal of this judgment entered upon the conclusion of a prolonged and carefully conducted trial.

The judgments and order should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgments and order affirmed, with costs.