LEWIS v. BUTTS et al.

(Supreme Court, Equity Term, Monroe County.    March 28, 1911.)

1. DEEDS (§ 133*)—LIFE ESTATE—REMAINDERS.

A deed to grantor's son recited that the property described should descend to the grantor's son's children after the son's decease, if he shall have any, otherwise to revert back to the grantor and his heirs. When the deed was made, the son had no children, but four children were afterwards born to him, three of whom are living, and a daughter, who died before the death of her parent, leaving three children.    *Held*, that the deed granted a life estate to grantor's son, the remainder vesting in the son's children as they were born, as tenants in common, hence the share which vested in the daughter descended to her children, and not to the other children of the son, as the deed did not convey the remainder to the grandchildren as a class.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 368–371; Dec. Dig. § 133.*]

2. DEEDS (§ 133*)—LIFE ESTATE—REMAINDERS—"DESCEND."

Where a deed conveyed land to the grantor's son, the land to "descend" to the son's children, if he shall have any, but, if not, to revert to the grantor and his heirs, the word "descend" was not used in its technical legal sense. for the fee could not descend from the son, because it was not vested in him, and could not descend from the grantor because it was to pass by the deed, and not by his death, and as the law favors the vesting of estates unless a contrary intention appears, there is nothing in the deed inconsistent with the vesting of the remainder in the first child born to the grantor's son, subject to open and let in after-born children.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 368–371; Dec. Dig. § 133.*

For other definitions, see Words and Phrases, vol. 3, pp. 2012–2014.]

3. PARTITION (§ 70*)—RIGHT TO JURY TRIAL—STATUTES.

Code Civ. Proc. § 1544, regarding partition, provides that an issue of fact joined in the action is triable by jury, and, unless the court directs the issues to be stated under section 970, the issues may be tried upon the pleadings.    *Held*, the statute relates to all the issues, and not merely to the right of the plaintiff to maintain the action; hence a verdict of a jury in a partition suit fixing the boundaries is not advisory merely, and can only be set aside on grounds authorized in section 999, as in case of verdicts in actions at law; and, where the evidence shows no ground for disturbing it, and it is not against the weight of the evidence, it must stand.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 193; Dec. Dig. § 70.*]

Action for partition by Margaret R. Lewis against Melvin Butts and others.    Verdict for defendants, and motion for new trial denied

Herbert Leary (Eugene Van Voorhees, of counsel), for plaintiff.
Harris, Havens, Beach & Harris, for defendants Rochester Sav. Bank and Carpenter, Glass, and Knight.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FOOTE, J. The parties, except the defendant Rochester Savings Bank, are the children and grandchildren of Daniel Butts, and the determination of their relative rights and interests in the lands sought to be partitioned depends upon the proper construction to be given to a deed of these lands made by Christian Butts to Daniel Butts, his son, on the 18th day of December, 1843. This deed, omitting the formal parts, was as follows:

"Party of the first part in consideration of the sum of thirty-five hundred dollars to him duly paid, has sold and by these presents does grant and convey the south half part of the piece of land hereinafter described to the party of the second part, his heirs and assigns, and the other north half part of said lot to the said party of the second part, to descend, after his decease, to his children, if he shall have any, and in case he shall not have any children, to revert back to said party of the first part, his heirs and assigns. [Here follows a description of the lands.] The party of the first part reserves the right to use all the fruit growing on said premises as long as he shall live, and after his death to descend to the said party of the second part."

Then follow the usual covenants of warranty.

At the time this deed was made the son Daniel Butts had no children. He went into possession and occupied under this deed until his death shortly before this action was begun. Four children were born to him, three of whom are living and defendants in this action, and one of them, a daughter, died before the death of Daniel Butts, leaving three children her surviving, the defendants Glass, Carpenter, and Knight. These defendants claim to be entitled to the undivided one-fourth of the north half of this farm, while the defendants, the living children of Daniel Butts, dispute this claim and assert title to the whole as the only persons now answering to the description of the children of Daniel Butts. This action involves only the north half of the farm; the other south half having been disposed of by Daniel Butts in his lifetime.

[1] My conclusion is that by the proper construction of this deed a life estate was granted to Daniel Butts, the remainder to his children thereafter born, and, in default of children, then to revert to the grantor, his heirs, or assigns; that upon the birth of a child to Daniel Butts the remainder vested at once in that child, and that thereupon all possibility of reverter ceased; that the fee remained in the grantor until the birth of the first child, and that thereafter, as other children were born, it vested in them as tenants in common, and that the share which vested in the daughter of Daniel Butts who died before his decease descended to her children, and did not pass to the other children of Daniel Butts who survived her.

This construction does not adopt the contention of the surviving children of Daniel Butts to the effect that the grant under this deed was to a class, and that those only who constituted the class at the death of Daniel Butts could take under the grant. I think this case does not fall within that rule, for the reason that the vesting here was not postponed until a fixed time, but occurred as soon as a child was born to Daniel Butts. Then there was a person in being who would have an immediate right to the possession of the lands upon the ceasing of the life estate, and this is the test under our statute.

[2] The land was not by the deed to descend to such children as Daniel Butts should leave, but was to descend "to his children, if he shall have any." The word "descend" is not used in its technical legal sense, for the fee could not descend from Daniel Butts, as it was not vested in him, and could not descend from the grantor, Christian Butts, for it was to pass by the deed and not by his death. But, while its use is inaccurate, the meaning is reasonably clear, which is that Daniel Butts shall have a life estate, with remainder to his children, if he have any. The law favors the vesting of remainders, and will construe remainders as vested unless a contrary intention appears, and therein nothing is this deed inconsistent with the vesting of this remainder in the first child born to Daniel Butts, subject to open and let in after-born children, if any.

The rule for the construction of such a grant is stated as follows by Chancellor Kent (4 Kent's Commentaries, 205):

"Where a remainder is limited to the use of several persons, who do not all become capable at the same time, as a devise to A. for life, remainder to his children, the children living at the death of the testator take vested remainders, subject to be disturbed by after-born children. The remainder vests in the persons first becoming capable; and the estate opens and becomes devested in quantity by the birth of subsequent children, who are let in to take vested proportions of the estate."

For this text the learned author cites authorities. The following note to this text is found in the fourteenth edition:

"A. devises to B. for life, remainder to his children; but, if he dies without leaving children, remainder over. Both the remainders are contingent, but if B. afterwards marries, and has a child, the remainder becomes vested in that child, subject to open and let in after-born children, and the remainders over are gone forever. The remainder becomes a vested remainder in fee in the child as soon as it is born, and it does not wait for the parent's death; and, if the child dies in the lifetime of the parent, the vested estate in remainder descends to its heirs."

For this, among other cases, is cited Doe v. Perryn, 3 T. R. 484. In that case an estate was devised to B., the wife of A., for life with remainder to the children of A. and B. and their heirs forever, to be divided among them equally, and, in default of such issue, the remainder over, and it was held that, at the death of the devisor, A. and B. have no child, the estate limited to their children is a contingent remainder in fee, which on the birth of a child will vest in that child, subject to open and let in those who may be born afterwards; and the remainders over will be defeated by that estate becoming vested. The reason for the rule is thus stated in the opinion of Mr. Justice Buller:

"That courts of law always lean in favor of the vesting of estates, and therefore, on such a limitation as the present, they have said that the estate shall vest on the birth of a child, and without waiting for the death of the parents, which rule is not attended with any inconvenience to the children, because, where the estate is limited to a number of children, it shall vest in the first, and afterwards open for the benefit of those who shall be born at a subsequent period. But if this were held not to vest till the death of the parents, this inconvenience would follow: That it would not go to the grandchildren; for if a child were born who died in the lifetime of his parents, leaving issue, such grandchild could not take, which could not be supposed to be the intention of the devisor."

I perceive no ground for distinguishing this case, or the principle on which it was decided, by reason of the present case turning upon the construction of a deed, whereas that case was on the construction of a will. When this deed was made, Daniel Butts had no children; hence, neither he nor the grantor intended by the deed to benefit any particular individuals, but were making a provision for Daniel Butts' descendants, whoever they might be. In the nature of things, they had the same interest in providing for grandchildren as children.

It follows that the defendants, who are the grandchildren of Daniel Butts, are entitled to the undivided one-fourth of the premises to which their mother would have been entitled, if living at the time of the death of Daniel Butts.

There being a controversy upon the pleadings as to the precise location of the division line between the north and south half of the lands described in the deed from Christian Butts to Daniel Butts, at the opening of the trial at Special Term, plaintiff claimed the right to a jury trial upon this question, whereupon the court suggested that a jury be impaneled and brought in from the jurors in attendance upon Trial Term. That suggestion was acquiesced in by all the parties and a jury was so impaneled. The jury rendered its verdict, settling the location of the line in accordance with the contention of the plaintiff and against the contention of the defendants Rochester Savings Bank, Glass, Carpenter, and Knight. These defendants now insist that the verdict is advisory only, and that the court may disregard it and decide the question irrespective of the verdict.

[3] This contention, I think, cannot be sustained. Section 1544 of the Code of Civil Procedure provides:

"An issue of fact joined in the action is triable by a jury. Unless the court directs the issues to be stated as prescribed in section 970 of this act, the issues may be tried upon the pleadings."

This section has reference to an action for partition. It relates to all the issues and not merely, as plaintiff contends, to the issue as to the right of the plaintiff to maintain the action. Fairweather v. Burling, 181 N. Y. 117, 73 N. E. 565; Bowen v. Sweeney, 143 N. Y. 349, 38 N. E. 271; Jones v. Jones, 120 N. Y. 589, 24 N. E. 1016. It follows that the court may not disregard this verdict and can set it aside only upon the grounds authorized by section 999 of the Code, as in case of verdicts in actions at law. I find no ground for disturbing the verdict upon the exceptions or on the ground that it is contrary to or against the weight of the evidence. Hence the motion upon these grounds, must be denied.

Finding in accordance with this opinion will be settled upon two days' notice, at which time the determination as to costs will be made.