In the Matter of Proving the Last Will and Testament of AMOS F. ENO, Deceased, as a Will of Real and Personal Property.

Surrogate's Court, New York County, April, 1922.

Surrogates' Courts — contested probate — special jury proper in New York county — intricate and important case — Surrogates' Court Act, § 316 — Laws of 1901, chap. 602, § 5.

Section 316 of the Surrogate's Court Act, as amended by chapter 653 of the Laws of 1922, in effect April 13, 1922, extends to trials in the Surrogate's Court of the county of New York the provisions of any statute, including the one providing for a special jury in said county (Laws of 1901, chap. 602, as amended), section 5 of which authorizes an application by a party for a special jury in an important or intricate case.

Surrogate's Court, New York County, April, 1922.     [Vol. 118

The history of the Eno will contest and its importance and intricacy bring it within the requirements of the statute relating to special juries in New York county and a motion of proponent for a special jury will be granted.

MOTION for a special jury.

*Clarence J. Shearn*, of counsel, for proponent.

*Henry DeForest Baldwin* (*Wallace Macfarlane* and *Francis Woodbridge*, of counsel), for executors.

*John B. Pine*, for Columbia University.

*DeForest Brothers*, for Metropolitan Museum of Art.

*Gould & Wilkie*, for General Society of Mechanics and Tradesmen.

*Leslie J. Tompkins*, for New York University.

*Cadwalader, Wickersham & Taft*, for New York Association for Improving the Condition of the Poor.

*Evarts, Choate & Sherman*, for American Museum of Natural History.

*Stewart & Shearer*, for New York Public Library.

*Daniel J. Mooney*, special guardian for Antoinette W. E. Graves et al.

*Max D. Steuer*, of counsel, for contestants.

*Sullivan & Cromwell*, for Antoinette E. Wood et al.

*Perkins & Train*, for Henry Lane Eno.

*Simpson, Thacher & Bartlett*, for William P. Eno.

*J. Robert Rubin*, special guardian for Gifford Pinchot, 2d, et al.

FOLEY, S.   The motion of the proponent for a special jury is granted.   The jurisdiction of this court to grant such relief is amply sustained by the various provisions of the Surrogate's Court Act and particularly section 316 (formerly Code Civ. Pro. § 2770), section 69 (formerly Code Civ. Pro. § 2539), and section 70 (formerly Code Civ. Pro. § 2540).   The revision of the Surrogate's Court practice and procedure, enacted in 1914, authorized the trial of probate contests by the surrogate with a jury.   It repealed former section 2653a of the Code of Civil Procedure, which provided for an action in the Supreme Court to determine the validity of the probate of a will, and thereby abolished " the incongruous and absurd procedure " of inconsistent judgments and double trials in two tribunals, theretofore existing.   *Bowen* v. *Sweeney*, 89 Hun, 359; affd., 154 N. Y. 780.   By the provisions of the sections enumerated above, the machinery for summoning jurors, the procedure for the conduct of the trial, and the incidental practice in

actions provided by law for the Supreme Court were extended to jury trials in special proceedings in the Surrogate's Court. Section 316 of the Surrogate's Court Act states: " Except where a contrary intent is expressed in, or plainly implied from the context of, a provision of law or of rules, applicable to practice or procedure in the supreme court, applies to surrogates' courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form." The language of this section has been further clarified by the amendment made by chapter 653 of the Laws of 1922, which became a law April 13, 1922. The commission which drafted the revision of 1914 pointed out in its note to former section 2770 of the Code of Civil Procedure: " On account of enlarged jurisdiction, jury, trial, etc., we omit specification of certain parts, and include all the Code, as limited by the language used." Section 69 of the Surrogate's Court Act provides in part: " The provisions of law relating to trial of a civil action by the supreme court and a jury * * * shall apply to surrogates' courts and to the proceedings therein so far as they can be applied to the substance and subject-matter of such proceedings without regard to form, * * *." Section 70 of the Surrogate's Court Act reads: " The provisions of law applicable to the summoning of jurors, the return of the sheriff, the fees of the sheriff and jurors and their payment, in supreme court, shall apply where jurors are drawn and summoned for service in surrogate's court * * *." In the revisers' note to the original draft of former section 2540, now section 70 of the Surrogate's Court Act, it was stated: " The surrogate is given the same power to draw a jury which the supreme court justice has when a term of the supreme court is being held."

When section 316 of the Surrogate's Court Act was enacted by the legislature of 1920, the language of the former Code section was broadened by the insertion of the words " a provision of law," in place of the former language, which read: " all other portions of this act," meaning the Code of Civil Procedure. The section as it now reads, therefore, extends to trials in this court the provisions of any statute, including the statute providing for a special jury in New York county (Laws of 1901, chap. 602, as amended). Section 5 thereof authorizes the granting of an application by a party for a special jury in an important or intricate case. It is claimed by the contestants that this provision is limited by the language of the section to *actions* only and cannot be extended to special proceedings. This question, however, was directly passed upon by the Court of Appeals in *People ex rel. Lewis* v. *Fowler,*

229 N. Y. 84. In that case it was held that while sections 870 to 886 of the Code of Civil Procedure provided for the examination of a party or witness before trial *in an action*, the general terms of section 2770 authorized examinations before trial in contested probate proceedings in this court. Chief Judge Hiscock in his opinion, states: " With the provision for a jury trial in a contested proceeding for the probate of a will such proceeding has taken on the essential character and form of an ordinary jury action,   *   *   * The very purpose of the section [§ 2770] was, as seems to us to be clearly expressed, that the provisions of the Code primarily and otherwise applicable only to actions thenceforth should be extended to and govern special proceedings where such application was possible, having in view the ' substance and subject-matter ' of such proceedings." The history of the present contest, and its importance and intricacy, bring it within the requirements of the statute relating to special juries in New York county, and justify the granting of this motion. *Matter of Eno*, 196 App. Div. 131; *Matter of Eno*, 118 Misc. Rep. 186.

Submit order on notice.

Ordered accordingly.