(22 Misc. Rep. 653.)

HENRIQUES et al. v. MIRIAM OSBORN MEMORIAL HOME et al.

SAME v. YALE UNIVERSITY et al.

(Supreme Court, Special Term, New York County.   February, 1898.)

1. DESCENT AND DISTRIBUTION—PRESUMPTIONS AS TO HEIRSHIP.
     Parties claiming to be the sisters and only heirs of a deceased person, and asking to have decedent's will declared void and her land partitioned among them, cannot succeed where it appears that decedent left an only son surviving her, who has since died, and there is nothing to show that the lines

of descent which would have the right to claim under him in preference to plaintiffs were exhausted, there being no presumption to that effect.

**2. RES JUDICATA—JUDGMENT BY DEFAULT.**

The fact that a judgment goes by default does not detract from its conclusiveness as a bar.

**3. SAME—JUDGMENT ESTABLISHING WILL.**

Under Code Civ. Proc. § 2653a, which provides a proceeding for the establishment of the validity of wills, a judgment rendered in pursuance thereof is conclusive on all parties to the action.

**4. STATUTES—IMPLIED REPEAL.**

The conclusiveness of a judgment establishing the validity of a will, rendered in proceedings taken for that purpose under Code Civ. Proc. § 2653a, cannot be avoided by an action under section 1537, permitting persons claiming as heirs to maintain partition proceedings notwithstanding an apparent devise, on proof of the invalidity of such devise, since the latter section, if in conflict with the former, was repealed by it.

**5. PLEADING—ALLEGATION OF CONCLUSION.**

Where the probate of a will, and the fact that plaintiffs were parties to proceedings to determine its validity, are admitted, an allegation that the judgment establishing the will has no valid force and effect on the rights of plaintiffs is a mere legal conclusion and unavailing.

**6. SAME—AMENDMENT.**

Leave to amend a pleading should not be granted where it is apparent that the pleader cannot truthfully do so.

**7. SAME—JUDGMENT ON DEMURRER.**

On sustaining a demurrer to a replication to a plea which goes to the whole cause of action, a final judgment for defendant is proper.

Actions by Leila O. Henriques and others against the Miriam Osborn Memorial Home, Impleaded, and others, and against the Yale University, Impleaded, and others, for the partition of real estate. On demurrer to plaintiffs' reply in each case. Judgment for defendants.

McCurdy & Yard (Delos McCurdy, of counsel), for plaintiffs.

Shearman & Sterling (Thomas G. Shearman, of counsel), for defendant Miriam Osborn Memorial Home Ass'n.

Robert L. Redfield (John E. Parsons, of counsel), for Yale University.

FREEDMAN, J. The questions involved in both cases are substantially the same. In each case the plaintiffs sue for the partition of the real estate of Mrs. Miriam A. Osborn, deceased, who died in March, 1891. She left a will and codicils the validity of which is attacked by the plaintiffs for various reasons. The plaintiffs describe themselves as the only surviving sisters of Mrs. Osborn, and, together with the defendant Henriette Olive Trowbridge, the only heirs at law of Mrs. Osborn. The complaint, however, further shows that, at the time of her death, Mrs. Osborn had a living son, Howell Osborn, who died in 1895. The complaint then demands judgment that Mrs. Osborn's will be declared void, and that the real estate described be partitioned between the two plaintiffs and the defendant Trowbridge. In each case the defendants, after denying some parts of the complaint, plead by way of affirmative defense that Miriam A. Osborn left her surviving a·son, Howell Osborn, who was her only child and sole heir at law; that he died in February, 1895, leaving a last will and testament, which

is fully set forth, in which he made no provision for the plaintiffs; and that this will was not only duly admitted to probate as a will of real and personal property, but was further declared to be the valid will and testament of Howell Osborn, deceased, by a judgment of this court entered on June 11, 1897, in an action to which the plaintiffs, as well as the defendant Henriette Olive Trowbridge, were parties, and in which they appeared. To this affirmative defense, containing allegations of new matter and avoidance, the plaintiffs were, by order of the court, required to reply, and did so. This reply denies that the will set forth in the answer is the will and testament of Howell Osborn, deceased; that it is valid, or was executed by him; and avers that it was procured by fraud, duress, and undue and improper influence. The reply, however, expressly admits that the paper set forth in the answer as the will of Howell Osborn was duly admitted to probate as a will of real and personal property; that an action was brought in this court "for the alleged purpose of establishing the validity of said alleged will of said Howell Osborn, deceased, and that these plaintiffs were made parties thereto and appeared therein; that on default a verdict was directed by the court in said action, reciting that the alleged will of the said Howell Osborn was valid, and that thereafter a judgment was rendered in accordance therewith; but these plaintiffs deny that said judgment has any validity, force, or effect in this action, or upon the rights of these plaintiffs." To this reply the answering defendants demurred as insufficient.

I fail to perceive how this reply can be sustained. It concedes the fact that Howell Osborn was the sole heir at law of Mrs. Osborn because it admits that he was her child and her only child. This being so, the plaintiffs are not the heirs at law of Mrs. Osborn. To maintain the action on the theory of the invalidity of Mrs. Osborn's will, the plaintiffs must, therefore, show not only that Howell Osborn died substantially intestate, but also that the plaintiffs are his heirs at law. This they do not attempt to show. Although it appears that they are Howell Osborn's maternal aunts, it nowhere appears that all the lines of descent which would have the right to claim before them are exhausted, or, in other words, that Howell Osborn left no child and no father. There is no presumption to that effect. But, aside from these considerations, it fully appears from the facts admitted, as distinguished from the conclusions averred, not only that Howell Osborn was the sole heir at law of Mrs. Osborn, but also that when he died he left a will in which he made no provision for the plaintiffs, and that the validity of this will, as a will of real and personal property, has been judicially determined against the plaintiffs. They were parties to, and appeared in, the action which resulted in such determination. They were invited to contest Howell Osborn's will, and they abstained and allowed judgment to go against them. It is no valid objection that judgment went by default. Brown v. Mayor, 66 N. Y. 385, 390. The judgment was obtained in pursuance of section 2653a of the Code of Civil Procedure. This statutory provision was passed in 1892, for the very purpose of pro-

viding a proceeding to establish the validity of a will as a will of real and personal property, and a judgment rendered under it is conclusive upon all parties to the action and all others claiming under or through them.    There is nothing in the proposition that the plaintiffs may avoid the consequences of such conclusiveness by bringing an action under section 1537 of the Code.    That section, it is true, permits a person claiming as heir to maintain partition, notwithstanding an apparent devise, upon proof of the invalidity of such devise.    But even if it be granted that, as a matter of pleading, the plaintiffs may set forth a cause of action for partition under section 1537, and in it may attack the will of Mrs. Osborn either with or without an attack upon the will of Howell Osborn, the real difficulty to be met by them arises when they are confronted with the proof that they are the lawful heirs of neither of the testators, and that the validity of the will of Howell Osborn has been already established against them.    Such proof is now before the court.    There is no inconsistency between section 2653a, passed in 1892, and section 1537, passed in 1853.    If there were such inconsistency, section 2653a repealed pro tanto section 1537.

The admitted facts being as stated, the allegation of the reply that the judgment establishing the validity of Howell Osborn's will has no valid force and effect upon the rights of the plaintiffs, and is merely the statement of a legal conclusion, unsupported by any fact, and for that reason unavailing.    The case of Bowen v. Sweeney, 89 Hun, 359, 35 N. Y. Supp. 400, cited by plaintiffs' counsel, has no application here, because in it there had been no prior adjudication determining the validity of the will as a will of real estate, and the action had been brought four years prior to the enactment of section 2653a.

The demurrer should be sustained and judgment rendered for the defendants, and, as it is plain that the plaintiffs cannot truthfully amend, leave to amend should not be granted.    Upon sustaining a demurrer to a replication to a plea which goes to the whole cause of action, it has repeatedly been held that a final judgment for the defendant is proper.    6 Enc. Pl. & Prac. 355, and cases there cited. Ordered accordingly.