(153 App. Div. 603.)

### In re FISCHER'S WILL.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1912.)

1. JURY (§ 19*)—JURY TRIAL—PROBATE PROCEEDINGS.

Code Civ. Proc. § 2472a, as amended by Laws 1910, c. 576, authorizing the Surrogate's Court on a judicial accounting to set off a debt against a legacy, and to ascertain whether the debt exists, and to order the trial of any controverted question of fact of which either party has constitutional right of trial by jury, relates solely to proceedings on a judicial accounting and for the payment of a legacy, and does not refer to proceedings for the probate of a will.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. § 19.*]

2. JURY (§ 19*)—JURY TRIAL—PROBATE OF WILL.

The provision in Code Civ. Proc. § 2547, as amended by Laws 1910, c. 576, that the surrogate may in his discretion direct a trial by jury of any controverted question of fact arising in a special proceeding for the disposition of real property of a decedent, as prescribed in title 5 of the chapter relating to the disposition of decedents' real property for the payment of debts and funeral expenses, refers to the right of trial by jury in special proceedings for the disposition of real property of a decedent to pay debts, but does not refer to a trial by jury of questions in proceedings for the probate of a will, not mentioned in the title.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. § 19.*]

3. COURTS (§ 483*)—TRANSFER OF CAUSES—SURROGATE'S COURT.

The provision in Code Civ. Proc. § 2547, as amended by Laws 1910, c. 576, that either of the surrogates of the county of New York may in his discretion transfer to the Supreme Court any special proceeding for the probate of a will pending in the county, applies to New York county only, and makes the transfer discretionary with the surrogate.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1288–1290, 1306; Dec. Dig. § 483.*]

4. JURY (§ 19*)—JURY TRIAL—PROBATE PROCEEDINGS.

Under Code Civ. Proc. § 2623, requiring the surrogate to admit to probate a will duly executed by a competent testator not under restraint, and section 2624, as amended by Laws 1910, c. 584, providing that, where either party puts in issue before the surrogate the validity, construction, or effect of any will, the surrogate must determine the question, and section 2625, as amended by Laws 1910, c. 578, providing that a decree admitting a will to probate is conclusive, except as otherwise provided, and section 2653a, providing that the validity of the probate of a will may be determined in an action in the Supreme Court, brought within two years after the probate of the will, the validity of the probate of a will may be determined by appeal, or by an action brought in the Supreme Court; but one answering a petition for the probate of a will, and alleging that the will was not duly executed, and that testator was of unsound mind, is not entitled to a jury trial in the Supreme Court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. § 19.*]

Appeal from Surrogate's Court, Orleans County.

Proceedings by Mabel Fischer for the probate of the will of Charles Fischer, deceased, in which Clara Hall answered the petition and demanded a trial by jury in the Supreme Court. From an order of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Surrogate's Court, denying an order directing a trial by jury of questions of fact, Clara Hall appeals. Affirmed.

The proceeding was commenced on the 13th day of March, 1912, in the Surrogate's Court, by the petition of Mabel Fischer, daughter of the alleged testator, to obtain the probate of his alleged last will and testament and two codicils thereto. Clara Hall, the appellant herein, also a daughter of the deceased, answering the petition, alleged that neither of the two alleged codicils was duly executed or published, and that at the time of their execution the deceased was of unsound mind, and that their execution was procured by fraud and undue influence, and prayed that the proceeding be dismissed. With her answer she filed a demand that all the controverted issues of fact relating to the execution and publication of the two codicils be formulated by the surrogate and directed to be tried by a jury in Supreme Court, pursuant to section 2547 of the Code of Civil Procedure. Thereafter she made a motion upon notice for an order to that effect, and from the order denying such motion this appeal is taken.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, and FOOTE, JJ.

James Swart, for appellant.
L. M. Sherwood, of Medina, for respondents.

McLENNAN, P. J. It is the claim of the appellant that she is entitled, as a matter of right, to have questions of fact formulated by the surrogate and directed to be tried by a jury in Supreme Court, and that, unless this is done, the decision of the surrogate admitting the will and codicils to probate, which has since been rendered, is final and conclusive. We will briefly refer to the sections of the Code of Civil Procedure upon which the appellant bases her contention.

[1] It is claimed that appellant is entitled to a jury trial as a matter of right under section 2472a. This section, as amended by chapter 576 of the Laws of 1910, reads as follows:

"Jurisdiction Relative to Legacy or Distributive Share.—The Surrogate's Court has also jurisdiction upon a judicial accounting or a proceeding for the payment of a legacy to ascertain the title to any legacy or distributive share, to set off a debt against the same and for that purpose ascertain whether the debt exists, to affect the accounting party with a constructive trust, and to exercise all other power, legal or equitable, necessary to the complete disposition of the matter. He must order the trial of any controverted question of fact of which either party has constitutional right of trial by jury and seasonably demands the same."

This section relates to the proceedings upon a judicial accounting and proceedings for the payment of a legacy, and has no reference to proceedings for the probate of a will or codicil.

[2, 3] It is also claimed that section 2547 gives the appellant the right of trial by jury of the issues raised herein. That section was also amended by chapter 576 of the Laws of 1910, and reads as follows:

"Trial by Jury.—The surrogate may, in his discretion, make an order directing the trial by jury, at a Trial Term of the Supreme Court to be held within the county, or in the County Court of the county, of any controverted question of fact arising in a special proceeding for the disposition of the real property of a decedent, as prescribed in title fifth of this chapter. He must order such trial of any controverted question of fact of which either party has constitutional right of trial by jury, and seasonably demands the same.

Either of the surrogates of the county of New York may, in his discretion, make an order transferring to the Supreme Court any special proceeding for the probate of a will pending in said county. Every order under this section must state distinctly and plainly each question of fact to be tried. The order is the only authority necessary for the trial in the Supreme Court of such question. * * *"

The first part of this section refers to the right of trial by jury in special proceedings for the disposition of real property of a decedent to pay debts, as prescribed in title fifth of the same chapter. That part of the section has no reference to a trial by jury of questions arising in a proceeding for probate, which is not mentioned in title fifth of that chapter. The provision next following, giving to either of the surrogates of the county of New York the discretion to transfer to the Supreme Court any special proceeding for the probate of a will pending in that county, applies to New York county only, and does not, as will be seen, make such transfer a matter of right, but leaves it discretionary with the surrogate.

[4] Appellant claims that, if the right to a trial by jury be denied her in the manner here sought, the decree of the surrogate becomes conclusive and final under section 2625. Section 2623 is as follows:

"Will; When Sufficiently Proved.—If it appears to the surrogate that the will was duly executed, and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint, it must be admitted to probate, as a will valid to pass real property, or personal property, or both, as the surrogate determines, and the petition and citation require, and must be recorded accordingly. The decree admitting it to probate must state whether the probate was or was not contested."

Section 2624, as amended by chapter 584 of the Laws of 1910, is as follows:

"Validity and Construction of Testamentary Provisions.—But if a party expressly puts in issue, before the surrogate, the validity, construction, or effect of any disposition of property, contained in a will of a resident of the state, executed within the state, the surrogate must determine the question, upon rendering a decree, unless the decree refuses to admit the will to probate, by reason of a failure to prove any of the matters specified in the last section."

Section 2625, as amended by chapter 578 of the Laws of 1910, is as follows:

"Surrogate's Decision on Probate.—A decree admitting a will of real or personal property, or both, to probate is conclusive as an adjudication of the validity of the will, and of the questions determined under section 2624 of this act, except as in this chapter otherwise provided."

It is plain, from a reading of section 2623 and section 2624, that in a proceeding for probate the surrogate is directed to pass only upon the questions of validity of execution, the competency of the testator, restraint, and whether the will is valid to pass real or personal property, or both, unless a party expressly puts in issue before the surrogate the question of the validity, construction, or effect of any disposition of property contained in the will, in which case he must determine that issue, unless he refuses probate of the instrument

Section 2625 makes his determination upon any of the questions specified in sections 2623 and 2624 conclusive, except as otherwise provided in the same chapter. There is no provision in that chapter for testing the conclusiveness of the surrogate's decision upon the questions specified in section 2624, except by an appeal. However, section 2653a, contained in the same chapter, provides that the validity or invalidity of the probate of a will or codicil may be determined in an action in Supreme Court brought within two years after the will or codicil has been admitted to probate and names the parties entitled to maintain such an action. Hence, under section 2625, the validity of the determination of the surrogate under section 2623 admitting a will or codicil to probate may be determined by an appeal or by an action brought for that purpose in the Supreme Court under section 2653a.

Chapters 576, 578, and 584 of the Laws of 1910, amending sections 2472a, 2547, 2624, and 2625 of the Code of Civil Procedure, and repealing sections 2626 and 2627, and sections 2647 to 2653, inclusive, were passed through the efforts of a special committee on proposed legislation amending the practice in Surrogate's Court, appointed by the New York State Bar Association. At the annual meeting of the Association in 1911, the committee rendered its report, which, after referring to the efforts made in procuring the legislation, said:

"The bills, after assuming various phases and amendments during successive years, finally took the form of simple amendments to various sections of the Code of Civil Procedure, and were passed and approved by Governor Hughes, so as to become law on September 1, 1910. The bills were three in number, constituting chapters 576, 578, and 584 of the Laws of 1910. The most important of these modifications in the existing law, relating to the effect of a surrogate's decree admitting a will to probate, will be found in the amendment to section 2625 of the Code of Civil Procedure, which now provides, in effect, that such a decree is conclusive, whether relating to real or personal property, unless an action is brought in the Supreme Court to retry the issues as to its validity, within two years from the decree of the surrogate admitting it to probate; such action being provided for by existing section 2653a of the Code of Civil Procedure. In connection with this amendment of the Code, sections 2626 and 2627 have been repealed, as inconsistent with the new provision, and sections 2647 to 2653, inclusive, providing for a proceeding in the Surrogate's Court to revoke the probate of a will, have likewise been entirely repealed. The object of this legislation has been to limit the number of proceedings and actions that it has been possible, heretofore, to institute to litigate the validity of a will, and thereby to delay the settlement of estates and to 'hold up' those interested therein. This reform promises to be most beneficent, alike in its influence on the community at large and upon the legal profession.

"The evils of the law relating to the probate of wills, as they existed prior to these amendments, and which, it is believed, have been entirely eradicated, were graphically pointed out by the late Justice Follett, in his opinion in the case of Bowen v. Sweeney, 89 Hun, 359, 366, 367, 35 N. Y. Supp. 400 (affirmed 154 N. Y. 780, 49 N. E. 1094), in the following words, which may fittingly be perpetuated in this connection in the records of the Association: 'It is apparent that under our boasted reform procedure a will relating to realty and personalty may be declared void because of the insanity of the testator, or for any other cause, in respect to one species of property, and valid in respect to the other kind of property, upon the ground that the testator was sane; and so there may be two final adjudications, both supposed

to be verities, one affirming a will to be valid, and the other affirming it to be void. And in case a will relating to realty and personalty is admitted to probate in the Surrogate's Court, and the decision reversed by the Supreme Court, and the issues are tried before a jury, which are found in favor of the validity of the will, upon which an adjudication is entered by the Surrogate's Court decreeing the probate to be valid, the heir may, notwithstanding, retry the question as to the realty, and possibly, as in the case at bar, obtain a verdict and a judgment that the will is invalid. But the remedy for this incongruous and absurd procedure, by which judgments diametrically opposed to each other may be recovered in respect to the same will, does not lie with the courts, but with the Legislature.'

"Another important reform in the law and practice in Surrogate's Court, of almost equal importance, was that effected by an addition to section 2472 of the Code, providing that Surrogates' Courts should have jurisdiction, upon a final accounting or proceeding for the payment of a legacy, to ascertain the title to any legacy or distributive share, to set off a debt against the same, to ascertain whether the debt exists, to affect the accounting party with a constructive trust, and to exercise all other power, legal or equitable, necessary to a complete disposition of the matter, and requiring the surrogate to order a jury trial, where either party has the constitutional right thereto and seasonably demands the same. Under this latter amendment it is aimed to confer upon the Surrogate's Court the powers specifically set forth in the amendment, and under the general grant of power to exercise legal or equitable jurisdiction necessary to complete the accounting to confer authority, among other things, to test the questions whether a release of an executor was obtained by fraud, or whether an executor has suffered a fraudulent or collusive judgment to be entered, and also to enforce set-offs, and to refund overpayments, and to adjust many other matters that arise upon accountings, and which it has heretofore been necessary to send to the Supreme Court for determination, delaying the proceedings in the Surrogate's Court in the meantime."

We think the sections as thus amended clearly express the intention of the Legislature to accomplish the changes recommended by the committee of the Bar Association. The appellant in this case has not the right to a trial by jury of the issues raised by the petition and answer, but has the right to test the validity of the surrogate's decision by an action in Supreme Court as prescribed in section 2653a. The surrogate had no power, discretionary or otherwise, to formulate such issues and direct them to be tried before a jury of the Supreme Court.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements against the appellant personally. All concur; SPRING, J., having been present at the argument of the appeal, but having died on October 22, 1912, without having taken any part in the determination of the appeal.