(163 App. Div. 266)

### WADSWORTH et al. v. HINCHCLIFF et al.    (No. 239–81.)

(Supreme Court, Appellate Division, Fourth Department.    July 7, 1914.)

1. WILLS (§ 423*)—CONTESTS—STATUTORY PROVISIONS.

A decree of a Surrogate's Court admitting to probate a will is, under Code Civ. Proc. § 2625, as amended by Laws 1910, c. 578, conclusive, subject to an action under section 2653a, providing for determining the validity of a will by jury trial in an action in the Supreme Court, and the remedy prescribed by section 2653a is exclusive, notwithstanding the omission in section 2625, as amended, to repeal Code provisions for attacking an apparent devise in partition.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 911–913; Dec. Dig. § 423.*]

2. JURY (§ 19*)—RIGHT TO TRIAL BY JURY—WILL CONTESTS.

If the constitutional right of trial by jury be deemed to apply to a judicial contest by an heir at law of an apparent devise of real estate, the right is protected by Code Civ. Proc. § 2653a, providing for deter-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mining the validity of a will by jury trial in an action in the Supreme Court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. § 19.*]

Appeal from Trial Term, Oneida County.

Action by Zouve J. Wadsworth and another against E. Elizabeth Hinchcliff and another, as executors. From a judgment dismissing the complaint with costs, plaintiffs appeal. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

James Coupe, of Utica, for appellants.
W. A. Matteson, of Utica, for respondents.

KRUSE, P. J.  The action is by certain heirs at law of Frank G. Wadsworth, late of the city of Utica, deceased, for the partition of real estate situate in that city, and incidentally to set aside his will, in which the defendant Elizabeth Hinchcliff is named the residuary legatee and devisee; and also a deed made by him to her, purporting to convey the premises which are the subject of this action. The will is dated December 30, 1912, and the deed, March 22, 1913.

It is contended by the plaintiffs, and so alleged in their complaint, that the deceased was not of sound mind or mentally capable of making a will, and that the paper writing purporting to be his will was not freely or voluntarily executed by him, but obtained by fraud and undue influence upon the decedent by the said Elizabeth Hinchcliff and others acting in her behalf, and that the deed of conveyance was likewise obtained with the intent and for the purpose of cheating and defrauding the heirs at law of the deceased, and under circumstances, the details of which are set forth, which, if true, make the deed void and of no effect.

The legal question presented is whether the surrogate's decree admitting to probate the will is conclusive as an adjudication of the validity of the will. Section 2625 of the Code of Civil Procedure, as amended by chapter 578 of the Laws of 1910, provides that such a decree shall have that effect, except as in that chapter otherwise provided. Section 2653a is contained in that chapter and provides for determining the validity of a will by a jury trial in an action in the Supreme Court. The learned trial judge held that the decree was conclusive, but offered to entertain an application to amend the complaint so as to bring the action within the provisions of section 2653a. The plaintiffs did not choose to avail themselves of that offer, and thereupon the complaint was dismissed.

In passing it may be stated that, if the decree admitting the will to probate is conclusive upon the question of the validity of the will, it becomes unimportant whether the deed is void or not, since the will prevents the plaintiffs from taking title to the property as heirs at law.

[1, 2] Plaintiffs contend: (1) That the provision contained in section 1537 of the Code of Civil Procedure, which permits an heir at

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

law, in an action for partition, to attack an apparent devise of the real estate to another, by the decedent, and establish the invalidity of the devise, is not affected by section 2625 as amended in 1910; and (2) that, if section 2625 is to be construed as having the effect of making such a decree conclusive as an adjudication of the validity of the will, it contravenes section 2 of article 1 of the state Constitution, which provides that trial by jury in all cases in which it has been heretofore used shall remain inviolate forever.

While the chapter of the Code of Civil Procedure relating to Surrogate's Court (chapter 18) contains a general provision requiring the trial by jury upon seasonable demand of such questions as either party has the constitutional right to be tried by a jury (sections 2472a, 2547), there is no provision in that chapter for a trial by jury, except where a case is sent back by an appellate court (section 2588), and in an action under section 2653a; although the Legislature at its last session, in the Surrogate's Practice Act (Laws of 1914, c. 443, effective September 1, 1914), has provided for a jury in the Surrogate's Court (sections 2537, 2538, 2539), for the trial of such questions as properly belong to that court, and besides makes every decree of a Surrogate's Court conclusive as to all matters embraced therein against every person of whom jurisdiction is obtained (section 2550).

We had occasion to examine the amendatory act of 1910 in Matter of Fisher, 153 App. Div. 603, 138 N. Y. Supp. 917. While the question there decided was not precisely the same as in the case in hand, the amendatory act was broadly discussed by the late Presiding Justice McLennan, and the conclusion there reached was that it was the intent of the Legislature to accomplish the changes recommended by the Committee of the Bar Association, among others that of making the decree of the surrogate admitting a will to probate, conclusive, whether the will relates to real or personal property, unless an action is brought in the Supreme Court, as provided by section 2653a.

Assuming, without deciding, that the constitutional right of trial by jury applies to a judicial contest by an heir at law of an apparent devise of real estate, I think that right is amply protected by section 2653a, which expressly provides for trying the validity of a will by a jury. If parties neglect to avail themselves of that remedy, I do not see how it can be justly said that the Legislature has failed to preserve the right of trial by jury. If an heir at law desires to challenge the effect of a decree of the Surrogate's Court admitting the will to probate, I think he must resort to an action under section 2653a; otherwise he is concluded. The reason for requiring such a course of procedure is obvious. In an action under section 2653a, all of the parties interested in the will or affected thereby are brought into court, and the question of its validity determined in that action as to all the parties, instead of trying the question over and over again, as has been so often done heretofore.

Neither do I think that the omission to expressly repeal the provision for attacking an apparent devise in an action of partition has the effect of excepting that provision from the conclusive nature of the decree, as declared by section 2625 of the Code. The change effected by the

act of 1910 is to make the decree of the surrogate admitting the will to probate conclusive as an adjudication, subject to an action under section 2653a, while heretofore such a decree, as to real estate, established presumptively only its validity. Where a will has not been admitted to probate, an apparent devise is still open to attack as heretofore.

I think the case was correctly decided, and that the judgment should be affirmed, with costs. All concur.