The judgment of the Appellate Division should be reversed and the judgment of conviction affirmed.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN and SEABURY, JJ., concur; HOGAN, J., not voting.

Judgment reversed, etc.

---

ZOUVE J. WADSWORTH et al., Appellants, *v.* E. ELIZABETH HINCHCLIFF et al., Respondents.

Will — conclusiveness of decree of surrogate admitting will to probate — action commenced in 1913 for partition and to set aside will admitted to probate, cannot be maintained — the only method of attacking such decree at that time was by an action under the statute (Code Civ. Pro. § 2653a).

Under section 2538 of the Code of Civil Procedure, as revised (Laws of 1914, ch. 443), provision is now made for a jury trial of questions of fact arising in a proceeding in a Surrogate's Court, either in that court or in the Supreme Court. As the Code stood in 1913 (§ 2625) a decree admitting to probate a will of real or personal property, or both, was conclusive as an adjudication of the validity of the will and of the questions determined under section 2624, except that section 2653a, as it stood at that time, permitted a party to bring an action to set aside a will, and conferred upon such party the right to a

jury trial in the Supreme Court in such action. That section prescribed the only method by which a party could at that time challenge the decree of a surrogate admitting a will to probate and try the issues thus raised by a jury; and, hence, where a will was duly admitted to probate in 1913, and in the same year an action was brought, under section 1537 of the Code, to partition the real estate of testator and to set aside his will, it cannot be maintained, and where plaintiffs refused to amend their complaint so as to bring the action within section 2653a the complaint was properly dismissed.

*Wadsworth* v. *Hinchcliff*, 163 App. Div. 266, affirmed.

(Submitted May 11, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 18, 1914, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James Coupe* for appellants. An heir can maintain an action in partition under section 1537 of the Code of Civil Procedure and establish in that action that a devise contained in the will of his ancestor and a deed and a mortgage or other claim affecting the title to the real premises sought to be partitioned are void. (*Weston* v. *Stoddard,* 137 N. Y. 119; *Satterlee* v. *Kobbe,* 173 N. Y. 91; *Kellum* v. *Corr,* 209 N. Y. 486; *Best* v. *Zeh,* 82 Hun, 232; 146 N. Y. 362; *Ward* v. *Ward,* 23 Hun, 431; *Maloney* v. *Cronin,* 44 Hun, 270; *Bowen* v. *Sweeney,* 89 Hun, 359.) The right of an heir to maintain an action in partition and attack a devise contained in a will is not affected by a decree admitting the will to probate entered in the Surrogate's Court previous to the commencement of the action in partition. (*Matter of Clyne,* 72 Misc. Rep. 593; *Naylor* v. *Brown,* 32 Misc. Rep. 301; *Wallace* v. *Payne,* 14 App. Div. 601; *Dresser* v. *Travis,* 39 Misc. Rep. 364; *Corley* v. *McElmeel,* 149 N. Y. 237; *Bowen* v. *Sweeney,* 89 Hun, 359.) In so far as chapter 578 of the Laws of 1910 amend-

ing section 2625 of the Code of Civil Procedure attempted to make a decree of the Surrogate's Court admitting a will of real property to probate conclusive against an heir's right to test the validity of a devise in an action of partition it was unconstitutional and void. (*Corley* v. *McElmeel*, 149 N. Y. 237; *Matter of Clyne*, 72 Misc. Rep. 593; *Bowen* v. *Sweeney*, 89 Hun, 395.)

*W. A. Matteson* and *George E. Dennison* for respondents. Since the amendments to the Code, by chapter 578 of the Laws of 1910, a decree admitting a will to probate is conclusive of the validity of the will, excepting only that an action may be brought directly to set aside the will under section 2653a of the Code. (*Matter of Wohlgemuth*, 110 App. Div. 644; *Hoyt* v. *Hoyt*, 112 N. Y. 493; *Matter of Fisher*, 153 App. Div. 604; *Bowen* v. *Sweeney*, 89 Hun, 363.) An action may still be brought, as this action was brought, under section 1537, and as a matter of pleading the will may be attacked and the parties may proceed to trial before a jury, and if the will has not been admitted to probate its validity may be tried out in such action. But if on the trial a decree of probate of the will is put in evidence, that decree is made conclusive evidence of the validity of the will. (*Henriques* v. *Mission Osborn Home*, 22 Misc. Rep. 653; Code Civ. Pro. § 2625; *Matter of Fisher*, 153 App. Div. 504; *Church* v. *Wilson*, 152 App. Div. 845; *Wadsworth* v. *Hinchcliff*, 163 App. Div. 267; *Snow* v. *Hamilton*, 90 Hun, 158; *Matter of Ruppaner*, 9 App. Div. 422; *Reid* v. *Curtin*, 51 App. Div. 546.) No constitutional right has been denied plaintiff. (*Weston* v. *Stoddard*, 137 N. Y. 121; *Satterlee* v. *Kobbe*, 173 N. Y. 93–96; *Hagan* v. *Sone*, 174 N. Y. 318; *Brown* v. *Brown*, 52 Hun, 532.)

SEABURY, J. This action was brought to partition real estate and to set aside the last will and testament of Frank G. Wadsworth, deceased. The testator died April 10th, 1913, seized of real estate. In 1912 he made his last

will under the provisions of which, after providing for certain legacies, he gave all the residue of his property, real and personal, to E. Elizabeth Hinchcliff, and appointed Louis R. Mather and Willard G. Comstock executors. Proceedings were instituted for the probate of said will before the surrogate of Oneida county. The plaintiffs in this action filed answers in the Surrogate's Court objecting to the probate of said will on the ground of want of capacity, undue influence and fraud. After a hearing duly had a decree was made by the surrogate overruling the objections set up in the answer and admitting said will to probate. This decree was made June 30th, 1913. On August 13th, 1913, the present action was commenced. The plaintiffs are the next of kin of the testator. The complaint alleges that. the writing admitted to probate is not the last will and testament of the testator and alleges that the testator was of unsound mind. The trial court held that section 2625 of the Code made the decree of the Surrogate's Court admitting the will to probate conclusive, and that, therefore, the plaintiffs could not succeed in their action for a partition of the real estate. The trial court, however, offered to allow the plaintiffs to amend their complaint so as to bring the action within section 2653a of the Code and to permit the plaintiffs to proceed under that section. The plaintiffs refused to avail themselves of the permission to amend the complaint granted by the trial justice, and insisted upon their right to maintain the action as an action for partition. The trial court thereupon dismissed the complaint. The action of the trial court in dismissing the complaint was affirmed at the Appellate Division.

Prior to the amendment of the statute in 1910, a decree admitting to probate a will of personal property was conclusive as an adjudication upon all questions determined except in an action brought under section 2653a, to determine the validity or invalidity of such a will. (Section 2626 of Code of 1910.) Until the amendment made to the

Code by chapter 578 of the Laws of 1910, a decree admitting to probate a will of real property established presumptively only the matters determined by the surrogate. (Section 2627 of Code of 1910; *Hoyt* v. *Hoyt*, 112 N. Y. 493, 504.)   Under the statutes as they stood prior to the amendments of 1910, it was competent for a party in an action for partition of real property, brought under section 1537, to attack the validity of a will even though it had been already admitted to probate in the Surrogate's Court.   By chapter 578 of the Laws of 1910 the Code was so amended that sections 2626 and 2627 of the Code of 1909 were expressly repealed and section 2625 of the Code was adopted.   Section 2625 as it stood in 1913 provided as follows: " A decree admitting a will of real or personal property, or both, to probate, *is conclusive* as an adjudication of the validity of the will, and of the question determined under section 2624 of this act, except as in this chapter otherwise provided."   The exception referred to in the last line of this section relates to section 2653a of the Code which permits a party to bring an action under that section to set aside a will and confers upon such party the right to a jury trial in the Supreme Court in that action.   Under the statutè as amended the decree of the surrogate admitting the will to probate is conclusive, whether the will deals with real or personal property, except that in either case the issue as to the validity of the will could have been tried in an action under section 2653a of the Code, as that section stood at the time this controversy arose.   In effecting this change in the law the legislature endeavored to simplify the practice relating to the probate of wills, and to prevent the confusion that had arisen under the former practice by reason of rehearings.   (*Matter of Fischer*, 153 App. Div. 603; *Bowen* v. *Sweeney*, 89 Hun, 359, 363.)

The plaintiffs claim the right to maintain the action in partition under section 1537 of the Code with the right to establish that, at the time the apparent devise in said will

and the apparent grant in said deed were made, the deceased was of unsound mind, and mentally incapable of making a will or deed, and that the pretended execution of the same were obtained by fraud, coercion and undue influence, and are void. Section 1537 of the Code provides as follows: "A person claiming to be entitled, as a joint tenant or a tenant in common, by reason of his being an heir of a person who died, holding and in possession of real property, may maintain an action for the partition thereof, whether he is in or out of possession, notwithstanding an apparent devise thereof to another by the decedent, and possession under such a devise. But in such an action, the plaintiff must allege and establish that the apparent devise is void." In so far as the plaintiffs seek to attack the effect of the decree of the Surrogate's Court admitting the will to probate, they could, as the statute stood when this action was commenced, do so only in an action contemplated by section 2653a. That section expressly provides for determining the validity of the will by a trial by jury in the Supreme Court. The method thus prescribed is exclusive. If the parties do not avail themselves of the method sanctioned by law, they cannot complain that the decree of the surrogate is conclusive. In discussing this question at the Appellate Division, Mr. Presiding Justice KRUSE said: "If parties neglect to avail themselves of that remedy (section 2653a), I do not see how it can be justly said that the Legislature has failed to preserve the right of trial by jury. If an heir at law desires to challenge the effect of a decree of the Surrogate's Court admitting the will to probate, I think he must resort to an action under section 2653a, otherwise he is concluded." In thus determining the case, the learned court below did so on the assumption and without so deciding that the constitutional right of trial by jury applies to a judicial contest by an heir at law of an apparent devise of real estate. Upon the assumption upon which the court below discussed the case, we think

the conclusion reached that an heir at law is limited to attacking the effect of the surrogate's decree to an action under section 2653a is correct. The decree of the surrogate admitting the will to probate is expressly declared by section 2625 of the Code of Civil Procedure to be conclusive except as otherwise provided in that chapter of the Code. Section 2653a is included in the same chapter and provides for determining the validity of the will in an action in the Supreme Court and authorizes a jury trial in such an action. The present action is not such an action as is contemplated by section 2653a of the Code. If the decree of the surrogate admitting the will to probate is conclusive upon the question of the validity of the will it becomes immaterial whether the deed is void or not, since under the will the plaintiffs cannot take title to the property as heirs at law.

The decree of the surrogate admitting the will to probate was conclusive, except in so far as it was subject to attack under section 2653a. That section prescribed the only method sanctioned by law in which the plaintiffs could challenge that decree and try the issues raised in reference to it before a jury. In prescribing a method by which a jury trial might be obtained, any right to such a trial which the plaintiffs may have had was fully recognized. They could not refuse to avail themselves of the method sanctioned by law in which the issues in reference to the validity of the will could be tried by a jury and at the same time complain that they were denied the right to a trial by jury. Under this construction the right to a jury trial in an action of partition brought under section 1537 of the Code is in no way impaired, but the validity of a will which has been admitted to probate by the Surrogate's Court is not open to attack in such an action. If the plaintiffs seek to attack the validity of the will after it has been admitted to probate they are, under the amendment of 1910, limited to bringing an action under section 2653a. In 1914 the

legislature revised the practice of the Surrogate's Court. Under section 2538 of the Code provision is made for a jury trial of the question of the validity of a will provided a party demands such a trial, either in the Surrogate's Court or in the Supreme Court. (Laws of 1914, chap. 443.)

Before the enactment of this last-mentioned statute and since the amendment of 1910 the right to a jury trial in cases where it was sanctioned by law was recognized, but such a trial could only be had in an action brought under section 2653a of the Code.

The present action not being brought under section 2653a and the plaintiffs having refused the opportunity to amend their complaint so that an action of this character might be brought, the complaint was properly dismissed.

It follows that the judgment appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur.

Judgment affirmed.