EDWARD R. CASSIDY, Plaintiff, *v.* B. JERMAIN SAVAGE, as Testamentary Trustee under the Will of WILLIAM R. CASSIDY, Deceased, and Others, Defendants.

Supreme Court, Albany County, January 13, 1934.

*Edouard L. Dunne [Henry F. Cochrane* of counsel], for the plaintiff.

*Cooper, Erving & Savage,* for the defendant B. Jermain Savage.

*George J. Hatt, 2d,* for the defendants Frances Eliot Heiner and another.

SCHENCK, J. This is an action in which the plaintiff asks a declaratory judgment adjudging the will of John Clinton Cassidy to be null and void because of his alleged lack of testamentary capacity and by reason of undue influence, and that the defendants be enjoined from distributing certain trust funds which were bequeathed by the will of John Clinton Cassidy under power of appointment.

It appears from the complaint that William R. Cassidy died in 1916, leaving a last will and testament which was admitted to probate by the surrogate of Albany county. Under the terms of his will, William R. Cassidy created a trust for the benefit of John Clinton Cassidy and gave the said John Clinton Cassidy a power of appointment by will as to the corpus of the trust.

John Clinton Cassidy died in 1932 and his will was admitted to probate by the surrogate of Albany county in July, 1932. Under

this will, John Clinton Cassidy exercised his power of appointment, leaving his entire estate to Juliette Bevington, his mother.

William R. Cassidy left him surviving the plaintiff, a brother, and a nephew, John Clinton Cassidy, and a niece, Frances E. Heiner. John Clinton Cassidy left him surviving a mother, Juliette Bevington, and a sister, Frances E. Heiner.

On the probate of the will of John Clinton Cassidy, the plaintiff, Edward R. Cassidy, received no formal notice. He claims that John Clinton Cassidy was an incompetent person, and that he did not have capacity to make the will whereby the power of appointment was exercised.

Plaintiff seeks to have the will of John Clinton Cassidy set aside. In that event, the plaintiff, who is a brother of William R. Cassidy, the donor of the power of appointment, would be entitled to a substantial portion of the said William R. Cassidy's estate.

In order to have the will of John Clinton Cassidy declared null and void, plaintiff brings this action in the Supreme Court.

The claim of the plaintiff is that the Surrogate's Court is without jurisdiction and power to grapple with the special problems presented in this case. Plaintiff's main contention is that he is not interested in the estate of John Clinton Cassidy, claiming nothing as a distributee or as a beneficiary under his will, and, therefore, he is not a proper party to probate proceedings in the Surrogate's Court. A power of appointment is not an estate or interest but a mere authority to create an estate or interest. (*Eells* v. *Lynch*, 8 Bosw. 465, 482; *Root* v. *Stuyvesant*, 18 Wend. 257, 283.)

Plaintiff is, however, interested in the will of John Clinton Cassidy, as it directly deprives him of a substantial fortune, if valid. Has the Surrogate's Court power to deal with such an interest?

The jurisdiction and powers of the surrogate have been materially extended since 1914, when the Legislature enacted chapter 443 of the Laws of 1914, as proposed by the Commission to Revise the Practice and Procedure in Surrogate's Courts. In the report of that Commission the committee said: " The jurisdiction of the Surrogate's Court is enlarged, so that a final determination may be made in that court of all matters relating to the affairs of a decedent.

" Provision is made for trial by jury of any controverted question of fact in the adjudication of which any party has a constitutional right to such trial. This will prevent the multiplicity of trials which may now be had in probate proceedings and permit the surrogate to determine finally all the issues in respect to the validity of a will.

" The need of modernizing the practice of allowing statutory double trials was pointed out by Justice FOLLETT, in delivering the opinion of the court in *Bowen* v. *Sweeney* (89 Hun, 359, 366–7; affd., 154 N. Y. 780): ' It is apparent that under our boasted reform procedure a will relating to realty and personalty may be declared void because of the insanity of the testator, or for any other cause, in respect to one species of property and valid in respect to the other kind of property, upon the ground that the testator was sane, and so there may be two final adjudications, both supposed to be verities, one affirming a will to be valid and the other affirming it to be void. And in case a will relating to realty and personalty is admitted to probate in the Surrogate's Court, and the decision is reversed by the Supreme Court and the issues are tried before a jury, which are found in favor of the validity of the will, upon which an adjudication is entered by the Surrogate's Court decreeing the will to be valid, the heir may, notwithstanding, retry the question as to the realty, and possibly, as in the case at bar, obtain a verdict and a judgment that the will is invalid. But the remedy for this incongruous and absurd procedure by which judgments diametrically opposed to each other may be recovered in respect to the same will, does not lie with the courts, but with the Legislature.'

" When a testator dies, leaving mortgaged real estate only, his heirs or devisees ought to be able to sell that realty immediately upon the probate of the will. But the possibility that some dissatisfied heir of the family may bring action under section 2653-a within two years of the probate (and protract the action for several years) acts as a cloud on the alienability of the property by the heirs or devisees at the very time when liquid assets are most necessary to pay the decedent's debts." (Report of Surrogates' Revision Commission, 1914, p. 1.)

In the proposed revision the changes in jurisdictional provisions applicable to Surrogate's Courts were reported as follows, the matter in parentheses being omitted and the matter italicized being new.

" Section 2510 (2472). General jurisdiction of Surrogate's Court. Each surrogate must hold, within his county, a court, which has, in addition to the powers conferred upon it, or upon the surrogate, by special provision of law, jurisdiction, as follows:

" (6). To administer justice in all matters relating to the affairs of decedents, *and upon the return of any process to* (according to the provisions of the statutes relating thereto) *try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having*

*any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.*

" (This jurisdiction must be exercised in the cases and in the manner prescribed by statute.)

"*And in the cases and in the manner prescribed by statute:*

" 1. To take the proof of wills; to admit wills to probate (to revoke the probate thereof); and to take and revoke probate of heirship." (Report of Surrogates' Revision Commission, 1914, p. 39.)

Prior to 1914 provision was made for a revocation of probate in sections 2647 to section 2653-a of the Code of Civil Procedure. For convenience these sections will be quoted in full:

" § 2647. Persons interested may apply to revoke probate. A person interested in the estate of the decedent may, within the time specified in the next section, present to the surrogate's court, in which a will of personal property was proved a written petition, duly verified, containing allegations against the validity of the will, or the competency of the proof thereof; and praying that the probate thereof may be revoked, and that the persons, enumerated in the next section but one, may be cited to show cause why it should not be revoked upon the presentation of such petition, the surrogate must issue a citation accordingly.

" § 2648. When application must be made. A petition must be presented as prescribed in the last section, within one year after the recording of the decree admitting the will to probate; except that when the person entitled to present it is then under a disability, specified in section three hundred and ninety-six of this act, the time of such a disability is not a part of the year limited in this section, unless such person shall have appeared by general or special guardian or otherwise on said probate. But this section does not affect an application made pursuant to subdivision sixth of section two thousand four hundred and eighty-one of this act.

" § 2649. Citation thereupon. A petition, presented as prescribed in the last two sections, must pray that the citation may be directed to the executor, or administrator with the will annexed; to all the devisees and legatees named in the will; and to all other persons who were parties to the special proceeding in which probate was granted. If a legatee is dead, his executor or administrator must be cited, if one has been appointed; if not, such persons must be cited as representing him, as the surrogate designates for that purpose.

" § 2650. Executor, etc., to suspend proceedings. After service

upon him of a citation, issued as prescribed in the last three sections, the executor, or administrator with the will annexed, must suspend, until a decree is made upon the petition, all proceedings relating to the estate; except for the recovery or preservation of property, the collection and payment of debts, and such other acts as he is expressly allowed to perform, by an order of the surrogate, made upon notice to the petitioner.

" § 2651. Hearing. Upon the return of the citation, the surrogate must proceed to hear the allegations and proofs of the parties. The testimony, taken upon the application for probate, of a witness who is dead, or without the State, or who, since his testimony was taken, has become a lunatic, or otherwise incompetent, must be received in evidence.

" § 2652. Decree. If the surrogate decides that the will is not sufficiently proved to be the last will of the testator, or is, for any reason, invalid, he must make a decree revoking the probate thereof; otherwise, he must make a decree confirming the probate.

" § 2653. Notice of decree of revocation. Where the decree revokes the probate of a will, as prescribed in this article, the surrogate must cause notice of the revocation to be immediately published, for three successive weeks, in a newspaper published in his county.

" § 2653-a. Determining validity of a will. Any person interested as devisee, legatee or otherwise, in a will or codicil admitted to probate in this state, as provided by the code of civil procedure, or any person interested as heir-at-law, next of kin or otherwise, in any estate, any portion of which is disposed of, or affected, or any portion of which is attempted to be disposed of, or affected, by a will or codicil admitted to probate in this state, as provided by the code of civil procedure, within two years prior to the passage of this act, or any heir-at-law or next of kin of the testator making such will, may cause the validity or invalidity of the probate thereof to be determined in an action in the supreme court for the county in which such probate was had. All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action. Upon the completion of service of all parties, the plaintiff shall forthwith file the summons and complaint in the office of the clerk of the court in which said action is begun and the clerk thereof shall forthwith certify to the clerk of the surrogate's court in which the will has been admitted to probate, the fact that an action to determine the validity of the probate of such will has been commenced, and on receipt of such certificate by the surrogate's court, the surrogate shall forthwith transmit to the court in which such action has been

begun a copy of the will, testimony and all papers relating thereto, and a copy of the decree of probate, attaching the same together, and certifying the same under the seal of the court. The issue of the pleadings in such action shall be confined to the question of whether the writing produced is or is not the last will and codicil of the testator, or either. It shall be tried by a jury and a verdict thereon shall be conclusive as to the real or personal property, unless a new trial be granted or the judgment thereon be reversed or vacated. On the trial of such issue the decree of the surrogate admitting the will or codicil to probate shall be *prima facie* evidence of the due attestation, execution and validity of such will or codicil. A certified copy of the testimony of such of the witnesses examined upon the probate, as are out of the jurisdiction of the court, dead or have become incompetent since the probate, shall be admitted in evidence on the trial. The party sustaining the will shall be entitled to open and close the evidence and argument. He shall offer the will in probate and rest. The other party shall then offer his evidence. The party sustaining the will shall then offer his other evidence and rebutting testimony may be offered as in other cases. If all the defendants make default in pleading, or if the answers served in said action, raise no issues, then the plaintiff may enter judgment as provided in article two of chapter eleven of the code of civil procedure in the case of similar defaults in other actions. If the judgment to be entered in an action brought under this section is that the writing produced is the last will and codicil, or either of the testator, said judgment shall also provide that all parties to said action, and all persons claiming under them subsequently to the commencement of the said action, be enjoined from bringing or maintaining any action or proceeding, or from interposing or maintaining a defense in any action or proceeding based upon a claim that such writing is not the last will or codicil, or either, of the testator. Any judgment heretofore entered under this section determining that the writing produced is the last will and codicil, or either, of the testator, shall, upon application of any party to said action, or any person claiming through or under them, and upon notice to such persons as the court at special term shall direct, be amended by such court so as to enjoin all parties to said action, and all persons claiming under the parties to said action subsequently to the commencement thereof, from bringing or maintaining any action or proceeding impeaching the validity of the probate of the said will and codicil, or either of them, or based upon a claim that such writing is not the last will and codicil, or either, of the testator, and from setting up or maintaining such impeachment or claim by way of answer in any action or proceeding. When

final judgment shall have been entered in such action, a copy thereof shall be certified and transmitted to the clerk of the surrogate's court in which such will was admitted to probate. The action brought as herein provided shall be commenced within two years after the will or codicil has been admitted to probate, but persons within the age of minority, of unsound mind, imprisoned, or absent from the state, may bring such action two years after such disability has been removed."

It will be seen that sections 2647 to 2653 relate to a proceeding which might be brought before the surrogate to revoke the probate of a will of personal property. The proceeding might be brought only by a person " interested in the estate."

Section 2653-a is much broader. It permitted a contest to determine the validity of probate in the Supreme Court with a trial by jury, and " any person interested in a will " might maintain the proceeding within two years.

Sections 2647 to 2653 were repealed in 1910. The following sections of the Code of Civil Procedure were likewise repealed:

" § 2626. Probate; how far conclusive as to personalty. A decree admitting to probate a will of personal property, made as prescribed in this article, is conclusive, as an adjudication, upon all the questions determined by the surrogate pursuant to this article, until it is reversed upon appeal, or revoked by the surrogate, * * * except that a determination, made under section two thousand six hundred and twenty-four of this act, is conclusive only upon the petitioner, and each party who was duly cited or appeared, and every person claiming from, through, or under either of them.

" § 2627. Id.; as to realty. A decree, admitting to probate a will of real property, made as prescribed in this article, establishes, presumptively only, all the matters determined by the surrogate, pursuant to this article, as against a party who was duly cited, or a person claiming from, through, or under him; or upon the trial of an action, or the hearing of a special proceeding, in which a controversy arises concerning the will, or where the decree is produced in evidence in favor of or against a person, or in a case specified in this section, the testimony taken in the special proceeding wherein it was made, may be read in evidence, with the same force and effect, as if it was taken upon the trial of the action or the hearing of the special proceeding, wherein the decree is so produced."

In the same year section 2625 was amended, making a decree admitting a will of real or personal property to probate " con-

clusive " except as provided in section 2653-a. (*Wadsworth* v. *Hinchcliff*, 218 N. Y. 589, 592.)

After 1910 it was held that the only way the probate of a will could be attacked, except under the incidental powers of the surrogate, was under section 2653-a. (*Wadsworth* v. *Hinchcliff*, 218 N. Y. 589.)

Section 2653-a was continued until the revision of 1914, when it was repealed. Thereafter a trial by jury might be had in the Surrogate's Court or the surrogate might direct a trial in the Supreme Court. (Code Civ. Proc. § 2538, now Surr. Ct. Act, § 68.)

As stated above, section 2653-a was repealed in order to prevent a multiplicity of trials in probate proceedings and to permit the surrogate to determine finally all the issues in respect to the validity of a will.

During all this time the surrogate had power to open and set aside decrees of his court.

The surrogate has the incidental power:

" 6. To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers." (Surr. Ct. Act, § 20, formerly Code Civ. Proc. § 2490.)

Thus the power of the Surrogate's Court to open a probate decree is ample where there is jurisdiction so to do.

From the foregoing it appears that the power formerly possessed by the Supreme Court to revoke the probate of a will has been withdrawn.

To have a judgment of the Supreme Court holding a will to be invalid, and at the same time a decree of the Surrogate's Court admitting that will to probate, would be an anomalous situation, and it has been the purpose of the Legislature to eliminate such confusion.

The 1914 revision was designed to enlarge the jurisdiction of the Surrogate's Court " so that a final determination may be made in that court of all matters relating to the affairs of a decedent." No doubt the jurisdiction to set aside a probate decree, where it exists, is now possessed by the Surrogate's Court within such limitations as the Surrogate's Court Act now prescribes, especially since the amendment of 1921 to section 40 of the present Surrogate's Court Act. (See *Matter of Hermann*, 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Raymond* v. *Davis*, 248 id. 67.)

Although the Supreme Court may have concurrent jurisdiction to probate a will, it cannot, in view of the legislation enlarging the jurisdiction of the Surrogate's Court, interfere with the decrees of that court where a will has been probated. If the Supreme Court, with its equitable jurisdiction, may set aside a probate decree, the Surrogate's Court with its enlarged equitable jurisdiction in respect to decedents' estates may likewise set aside such a decree. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Pulitzer*, 139 Misc. 575, 583.)

If the decree of the surrogate can be opened, then the plaintiff has standing to file objections. (Code Civ. Proc. § 2617, added in 1914, now Surr. Ct. Act, § 147; *Matter of Nelson*, 89 Misc. 25.)

It is to be understood that on this motion there is no determination made as to the right of the court to open or set aside the decree of the surrogate admitting the will in question to probate.

That decree must be either opened or set aside. The will, in so far as its existence as a testamentary instrument is concerned, cannot be declared valid as to some of the interested parties and not as to others. (*Matter of Harriman*, 124 Misc. 320, 327.)

It has been generally held that a decree in a probate proceeding, which is in the nature of a proceeding *in rem*, is conclusive upon the whole world where jurisdiction is obtained as required by statute, even as against interested parties not cited. (*Matter of Horton*, 217 N. Y. 363; *Bogardus* v. *Clark*, 4 Paige Ch. 623; *Matter of Wohlgemuth*, 110 App. Div. 644, 649; *Wadsworth* v. *Hinchcliff*, 218 N. Y. 589.)

Property passing under a power is conveyed by the act of the donor by virtue of the power and not by force of the appointment or any act of the donee. The appointment simply makes the power effective. (*Tatnall* v. *Hankey*, 2 Moore P. C. C. 342, 350.)

Thus it has been held that a power created by a deed or will must be construed by the Supreme Court or Surrogate's Court, depending on which court has jurisdiction of the instrument creating the power. (*Matter of Crosby*, 136 Misc. 688.)

But the existence of a will, executing a power of appointment, as a testamentary instrument, should be determined by the probate court.

This has been the procedure in England. (*Tatnall* v. *Hankey*, 2 Moore P. C. C. 342; *Barnes* v. *Vincent*, 5 id. 201.)

These are matters that must be disposed of, if an application is made to the surrogate. They need not be decided here.

My conclusion is that this court should not assume jurisdiction. Motion denied and complaint dismissed.